Eve C.W. WALLIN, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 83–7244.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1984 *.

Decided Aug. 28, 1984.

As Amended Sept. 28, 1984.

R.App.P. 34(a).

Jean S. Schanen, Schanen Law Firm, Inc., Wasilla, Alaska, for petitioner.

Richard Shipley, Regional Counsel, Seattle, Wash., for respondent.

Before CHOY, PREGERSON, and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

The Tax Court dismissed Eve C.W. Wallin's (Wallin's) petition for redetermination of tax deficiency as untimely. The Internal Revenue Service (IRS) sent a notice of tax deficiency to Wallin's former address although it had notice that Wallin had moved. Wallin did not receive the deficiency notice within the time limit allowed to file a petition for redetermination. The Tax Court ruled that the IRS exercised reasonable diligence in searching for Wallin's new address and that sending the deficiency notice to Wallin's former address was sufficient. We reverse.

I. FACTS

Wallin filed her 1977 tax return under the name Eve C. Watson, indicating her address as 4850 Bryn Mawr Court, Apt. 1, Anchorage, Alaska (Bryn Mawr). In April 1978, she moved. She married Robert F. Wallin in December 1978. She and her husband moved to Olympia, Washington in 1979 and to Oak Harbor, Washington in 1981.

Taxpayer and her husband filed joint tax returns for 1978 and 1979 under the names Robert F. and Eve C.W. Wallin. On the forms, Robert F. Wallin's social security number appeared in the primary box and Eve C.W. Wallin's social security number appeared in the spouse's box.[1] She gave no other notification to the IRS of her change in name or address.

The IRS began an examination of Wallin's 1977 tax return in 1980. (All IRS inquiries used the name Eve C. Watson.) In September 1980, the IRS sent a request for an appointment and further information to the Bryn Mawr address. The letter was returned as undeliverable, and in October 1980 the post office informed the IRS that it could not provide a forwarding address.[2] In November 1980, the IRS contacted the Alaska Department of Motor Vehicles which had no listing for Wallin.

The IRS agent checked IRS microfilm listings for Alaska for 1978 and 1979 and discovered no record of income tax returns filed under the name Eve C. Watson.

On March 4, 1981, the IRS sent a statutory deficiency notice for 1977 to the Bryn Mawr address. Again, the letter was returned as undeliverable. The deficiency was assessed on August 3, 1981.

In a separate collection proceeding started in January 1981, the IRS collection division attempted to collect an assessment arising out of a 1976 deficiency. The collection division instituted a number of inquiries, including a computer search of IRS files for Wallin's social security number. Although the IRS has the capacity to search for a spouse's social security number, the search in this case involved only primary social security numbers. Wallin's post 1977 returns, which contained her new address, were not discovered because her social security number was listed in the spousal taxpayer's box, not the primary taxpayer's box.

1. On a joint tax return, a taxpayer's social security number must appear either in the primary taxpayer's box or in the spousal taxpayer's box. The social security number does not appear anywhere else on the tax return.

2. The IRS had sent three previous letters regarding 1976 tax returns to the Bryn Mawr address, all of which were returned as undeliverable.

Through the Social Security Agency, the collection division discovered Wallin's employer which led to Wallin's married name and, eventually, to her most recent address. Wallin was notified of her outstanding 1976 and 1977 assessments on September 11, 1981.

Wallin petitioned the tax court for redetermination of the 1977 deficiency.[3] The IRS moved to dismiss for failure to file within ninety days of issuance of the deficiency notice under I.R.C. § 6213(a) (1982). Wallin challenged the IRS's authority to assess a deficiency on the ground that the IRS failed to send the deficiency notice to her "last known address" and that her subsequent returns under the name Wallin created sufficient notice of change of name and address.

## II. DISCUSSION

### A.

### Standard of Review

■ All issues raise questions of law which we review de novo. *See East Oakland-Fruitvale Planning Council v. Rumsfeld*, 471 F.2d 524, 529 (9th Cir.1972). Further, because the tax court granted summary judgment, we view the evidence in a light most favorable to the party opposing dismissal, and in doing so consider whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. This review is also de novo. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

### B.

### Reasonable Diligence

I.R.C. § 6213(a) (1982) requires that the IRS give notice before assessing an income tax deficiency. Within ninety days of the mailing of a notice of deficiency, the taxpayer may petition the tax court for rede-

termination. I.R.C. § 6213(a); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982). The IRS may not act to assess or collect the deficiency within the ninety days. *Id.* To effectuate notice, the IRS must send notice of the deficiency by certified or registered mail. I.R.C. § 6212(a); *Cool Fuel*, 685 F.2d at 312. Notice is sufficient, regardless of receipt, if mailed to the taxpayer's "last known address." I.R.C. § 6212(b); *Cool Fuel*, 685 F.2d at 312.

■ The IRS is entitled to treat the address appearing on the taxpayer's return as the last known address, absent "clear and concise notification" of a new address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd,* 538 F.2d 334 (9th Cir.1976). The Commissioner, however, "is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address." *Id.*

First, Wallin contends that the filing of her joint tax return under her married name, which included her new address, was sufficient to notify the IRS of her new address. This court has held that a subsequently filed tax return with a new address does give the IRS notice. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984); *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir.1962), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962); *see also McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir.1981); *Crum v. Commissioner*, 635 F.2d 895, 899 (D.C.Cir.1980). Wallin's case, however, is significantly different from those cited above. Her subsequent return bore a name different from that contained in the 1977 tax return and offered almost no notice to the IRS.

Second, Wallin contends that the IRS did not exercise reasonable diligence in attempting to discover her new address. The four letters returned from the Bryn Mawr address as undeliverable certainly provided the IRS with notice of the fact that Wallin had moved. *See Cool Fuel*, 685 F.2d at 313.

The IRS took the following steps before issuing the notice of deficiency:

---

**3.** This case involves only the 1977 assessment.

(1) asked the Anchorage Post Office for a forwarding address;

(2) asked the Alaska State Motor Vehicle Bureau for an address;

(3) searched microfilm records for tax returns filed by Alaskans in 1978 and 1979.

When these steps proved fruitless, the IRS then mailed the deficiency notice to the Bryn Mawr address.

[4] In light of the fact that the IRS had notice that Wallin had moved, the IRS's attempts to locate her fell short of reasonable diligence. A taxpayer's social security number appears in only one of two locations on the tax return—in the primary taxpayer's box or in the spousal taxpayer's box. The IRS has the ability to perform a computer search of both sets of social security numbers in order to discover a subsequent return filed under a different name or in a different state.

This court noted in *Zolla,* 724 F.2d at 811, that "the IRS must have clear guidance as to what information it must examine in determining a taxpayer's last known address." Many taxpayers marry and divorce without notifying the IRS, other than by way of subsequent returns. Because the IRS has the capacity to perform a computer search for social security numbers found in both the primary taxpayer's box and the spousal taxpayer's box, it must do so where, as here, it is aware that the taxpayer has moved.[4]

III. CONCLUSION

The IRS is required to exercise reasonable diligence in ascertaining a taxpayer's address. Here, the IRS failed to meet the reasonable diligence standard by not performing a computer search that included the social security numbers found in both the primary taxpayer's box and the spousal taxpayer's box. This failure constituted a violation of statutory notice procedure. *See* I.R.C. § 6213(a). In light of the foregoing, the Tax Court is instructed to file, as timely, taxpayer's petition for redetermination of her 1977 income tax deficiency.

The Tax Court's decision is reversed and the case remanded for further proceedings consistent with this opinion. *See Cool Fuel,* 685 F.2d at 313.

---

**4.** The D.C. Circuit in *Crum v. Commissioner,* 635 F.2d at 900, noted that a computer search for a taxpayer's address takes less than a minute.