**Jerry W. and Jeanette MULDER, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

### No. 87–4810.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1988.

Merle R. Flagg, Dallas, Tex., for petitioners-appellants.

William F. Nelson, Chief Counsel, I.R.S., Doris D. Coles, Michael L. Paup, Chief, Appellate Sec. Tax Div., Dept. of Justice, Roger M. Olsen, Asst. Chief, Gary R. Allen, Acting Chief, William S. Rose, Acting Asst. Atty. Gen., Janet Kay Jones, Richard Farber, Washington, D.C., for respondent-appellee.

Before WISDOM, REAVLEY, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

The sole question presented on this appeal from the Tax Court is whether the statutory notice of deficiency issued by the Commissioner of Internal Revenue to Jerry W. Mulder [1] was sent to his "last known address" as that term is used in section 6212(b) of the Internal Revenue Code. [2] Concluding that on the specific facts of this case, a mailing to the address on the questioned tax return did not constitute a mailing to Mulder's last known address, we reverse and remand to the Tax Court for further proceedings.

*Background*

On his 1980 income tax return Mulder claimed a business deduction for a tax shelter investment and a charitable deduction for funds contributed by a business he owned in partnership with his parents. The address on his tax return was 4545 Mint Way, Dallas, Texas, 75236, the address of the family-owned business. The return was signed by Mulder and by John Eads, a tax-preparer, and it carried Eads' address. Until March 1985, Mulder resided at 703 Timber Trail Drive, Duncanville, Texas.

In March 1983 the Mulders sold the business. For the next 16 months or so, rather than have mail forwarded, Mulder's parents routinely picked up the mail at their former business and passed on the mail addressed to their son.

Sometime in 1983 the IRS began an audit of Mulder's 1980 return, apparently because it contained the deduction for the tax shelter which was under investigation by the Salt Lake City office. In late December 1983 the Salt Lake City office sent Mulder a letter containing copies of Form

1. Although Jerry Mulder is joined in the Tax Court petition by his wife Jeanette Mulder, she is not a proper party to these proceedings because they were not husband and wife during 1980, the taxable year at issue.

2. All references are to the Internal Revenue Code of 1954 in effect at the pertinent times herein. Section 6212(a) and (b)(1) provided in pertinent part:

(a) If the Secretary determines that there is a deficiency in respect of any tax ... he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency[,] (1) ... if mailed to the taxpayer at his last known address, shall be sufficient....

872–A, Special Consent to Extend the Time to Assess Tax. The letter, posted to the Mint Way address, was returned on January 17, 1984, with the notation "Moved, left no address." A second mailing was sent to the same address. On February 28, 1984, it, too, was returned, stamped "Moved, left no address from 75211."

On March 27, 1984 a statutory notice of deficiency was prepared in the Salt Lake City office. On April 11, 1984, the Salt Lake City office forwarded the second returned Form 872–A to the San Francisco office.[3] On April 12, 1984 Mulder sent a letter to the Austin Service Center requesting an extension for filing his 1983 return. This request provided his Duncanville address.

On May 4, 1984 the San Francisco office mailed Mulder a statutory notice of deficiency, certified, return receipt requested, addressed to 4545 Mint Way, Dallas, Texas, 75236. Neither the undelivered letter nor the executed return receipt was placed in Mulder's administrative file. Mulder denied receiving the letter and the Service's representatives had no knowledge about the return receipt. Under section 6213(a) of the Internal Revenue Code, Mulder had 90 days from the mailing of the statutory notice to seek a redetermination of the deficiency by the Tax Court. That period expired August 2, 1984.

On October 15, 1984, the Ogden, Utah Service Center sent Mulder a statement that $9,116 in tax and $5,432.33 in interest was due on the deficiency. This letter, and all subsequent correspondence, was mailed to the Duncanville address and was received. Eads promptly wrote the Ogden center, advised that this was the first that Mulder had heard about the matter, sought basic information, and asserted limitations for a claim on a 1980 return. Ogden responded that because Mulder had not replied to its Form 872–A request (which was undelivered), limitations were extended until November 18, 1984.

On December 17, 1984 Ogden personnel again wrote and said that they would look into the matter. On December 21, 1984 Mulder received a letter from the Austin Service Center advising that the amount due had been increased. On January 10, 1985 Austin sent a demand letter. On January 18, 1985, Eads wrote the Austin office explaining the matter and advising that Mulder still had not seen a deficiency notice and continued to await a reply from Ogden to his mid-October request for information on the audit. On January 31, 1985 Austin advised that it would look into the matter.

On February 25, 1985, Ogden "responded" to Eads' four-month-old inquiry and informed Mulder that a statutory notice had been sent. However, neither a copy of the notice nor other information was forwarded. On March 3, 1985 Eads again asked Ogden for a copy of the notice and for audit information. In late June 1985, Ogden replied that it would review the matter.

On August 2, 1985 the Austin center sent Mulder a Notice of Intent to Levy. On August 12, 1985, ten months after the initial query, Ogden finally replied to Eads' initial request for information about the audit. On September 3, 1985, Mulder filed his petition with the Tax Court seeking a redetermination of the deficiency proposed by the Commissioner. The Commissioner moved for dismissal, contending that the Tax Court lacked jurisdiction because the petition was not timely filed under section 6213(a), which requires a filing within 90 days of the mailing of the statutory notice of deficiency. Mulder moved for a dismissal on the grounds that the statutory notice of deficiency was not valid and that limitations barred the Commissioner from issuing another. The Tax Court denied Mulder's motion and granted that of the Commissioner.

## Analysis

Section 6212(a), (b)(1) authorizes the mailing of the notice of deficiency by certified

---

3. The record alludes to but does not clarify the reason for involvement of the San Francisco office.

or registered mail to the taxpayer's last known address. In order to secure a Tax Court redetermination of the deficiency, the taxpayer must file a petition within 90 days of this mailing. Otherwise, the Tax Court lacks jurisdiction. Section 6213(a); *Shelton v. Commissioner*, 63 T.C. 193 (1974). If the notice of deficiency sent to Mulder is valid, his petition is untimely and the Tax Court has no jurisdiction. If the notice is not valid, the petition is timely and the Commissioner's action is barred by limitations, § 6501(a).[4]

■ In the absence of appropriate notification from the taxpayer of a change of address, the IRS is entitled to consider as the last known address the address on the tax return for the year in question. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367 (1974), *aff'd*, 538 F.2d 334 (9th Cir.1976). The "last known address" is a term of art and refers to that address which, in light of all relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer at the time the notice of deficiency is mailed. *Brown v. Commissioner*, 78 T.C. 215 (1982). The IRS is required to use reasonable diligence in its efforts to ascertain this address. *Fernandez v. Commissioner*, 54 T.C.M. 1036 (1987). The focus is on the information available to the IRS at the time it issued the notice of deficiency. *King v. Commissioner*, 88 T.C. 1042 (1987); *Pyo v. Commissioner*, 83 T.C. 626 (1984). This involves a question of fact. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir.

1982); *Brown v. Commissioner*. What the IRS knew or should have known is determined by consideration of all relevant facts and circumstances. Evidence is relevant if it tends to make the existence of what the IRS knew or should have known on the date of the notice "more probable or less probable than it would be without the evidence." *Morgan v. Commissioner*, 46 T.C. M. 321 (1983), *citing* Fed.R.Evid. 401.

■ Our resolution today turns on whether the IRS exercised reasonable diligence in ascertaining Mulder's address before it mailed the notice of deficiency on May 4, 1984. The Commissioner argues that the Service acted properly because it used the taxpayer's address as given on the audited tax return, and that its only other obligation was to check the central IRS computer file which ostensibly contained the Mint Way address.[5] Mulder counters that this performance was inadequate in light of the fact that two mailings to that address were returned to the IRS in January and February 1984, and that the IRS knew that he had moved. Mulder maintains that under those circumstances the IRS was obliged to do more.

■ In addition to the return of two mailings to Mulder as undeliverable, a fact which weighs heavily in the due diligence equation, there is more. The notice of deficiency was sent by certified mail, return receipt requested. There is no proof of delivery in the record. Mulder, his mother, and his CPA all deny knowledge of the notice. Moreover, the IRS file does not

---

4. Section 6501(a) provides in relevant part:

... the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

5. The record contains testimony, largely hearsay, of the delay between the receipt of a change of address by the IRS and its availability from the IRS central computer. The estimates of time given are merely estimates. The Tax Court somehow deduced that a total of 23 days would be required. Our efforts at adding the days from the vague and general testimony on the subject resulted in a substantially lower total.

Another counting exercise is more certain. Mulder's CPA mailed a request-for-extension form reflecting the new address on April 12, 1984. The statutory notice issued on May 4, 1984, 23 days later.

The trial court somehow concluded that when the statutory notice of deficiency was first drafted in March 1984, and when it was mailed on May 4, 1984, the Mint Way address was in the central computer. From our reading of the record it is clear that the information in the computer is not material to today's decision because, as the IRS agent testified, there was nothing in Mulder's case file, nor is there anything in the record before us, to show that any information was retrieved or even sought from the central computer. There is nothing to show that a computer-check was initiated.

contain either the original letter or the executed return receipt. While it is presumed that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered, no such presumption of delivery exists for certified mail when the requested return receipt is not received by the sender. *McPartlin v. Commissioner,* 653 F.2d 1185 (7th Cir.1981). As the *McPartlin* court observed, "[t]he fact that the Commissioner's file contains no return receipt for the [deficiency] notice ... fosters the conclusion that fault for the petitioners' failure to receive notice must rest with the Postal Service or the Commissioner, but, in any event, not with petitioners. Either the Postal Service mishandled the notice or the Commissioner's agents misplaced the return receipt." *Id.* at 1191. The court concluded that if the delivery receipt was not returned to the IRS, the notice letter must not have been delivered.

Under the circumstances of this case, given the facts that two letters posted shortly before the notice of deficiency were returned undelivered, and that the notice of deficiency was neither delivered nor returned, we are not persuaded that the IRS exercised due diligence in sending the notice to Mulder's last known address. More should have been done. At the very least, the tax-preparer should have been contacted.

In *Wallin v. C.I.R.,* 744 F.2d 674 (9th Cir.1984), during an audit an IRS letter to a taxpayer in Alaska was returned undeliverable. The letter, mailed in 1980, used the address on the taxpayer's 1977 return. The taxpayer had subsequently married, taken her husband's name, and moved. Upon return of the letter, the IRS agent checked with the post office, with Alaska's department of motor vehicles, and examined Alaska's income tax returns for 1978 and 1979. Drawing a blank at these sources, the agent sent the notice of deficiency to the address on the 1977 return and it, too, was returned undeliverable. The Tax Court considered this sufficient. The Ninth Circuit did not, holding that the

agent had not used reasonable diligence. "In light of the fact that the IRS had notice that [the taxpayer] had moved, the IRS's attempts to locate her fell short of reasonable diligence." *Id.* at 677. The court noted that the IRS had the capability to perform a computer search using the social security numbers of both the taxpayer and spouse[6] and concluded that it should have done so because the taxpayer had moved.

The Tax Court recently demonstrated a willingness to impose a greater burden when it appeared that the IRS knew or should have known that the taxpayer had moved. *See Fernandez v. Commissioner,* 54 T.C.M. 1036 (1987) (agents should have made inquiry at the hospital, at the motor vehicle agency of the state of permanent residence, and at the taxpayer's travel agency); *King v. Commissioner,* 88 T.C. 1042 (1987) (agent should have inquired at the taxpayer's workplace or contacted the taxpayer's representatives identified in his file).

An inquiry to Mulder's tax-preparer, or to the Texas motor vehicle or driver's license bureau, or an examination of the tax shelter file which had triggered Mulder's audit, would have disclosed Mulder's home address. We regard such efforts as within the reasonable exercise of diligence required when the IRS knows or should know that the address on the subject tax return is no longer current. The actions of the IRS herein were inadequate to discharge the reasonable-diligence obligation.

The judgment of the Tax Court is REVERSED and the matter is REMANDED.

**6.** In doing so, the *Wallin* panel commented that in *Crum v. Commissioner,* 635 F.2d 895 (D.C.Cir. 1980), our colleagues in the D.C. Circuit had observed that a computer search for a taxpayer's address could be done in less than a minute.