In re Robert BELL and Susan Bell, Debtors.

Bankruptcy No. 92–31450–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

April 19, 1994.

Billie Tarnove, Ft. Lauderdale, FL, for debtors.

Robert L. Roth, Miami, FL, Trustee.

*ORDER SUSTAINING DEBTORS'
AMENDED OBJECTION TO
CLAIM OF IRS*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came on for an evidentiary hearing before the Court January 3, 1994, on the Debtors' Amended Objection to Claim of the Internal Revenue Service (the "IRS"). Having considered the objection, the response thereto, the demeanor and candor of the witnesses and for the reasons set forth below, the Court sustains the Debtors' objection to the IRS's claim.

The Chapter 13 Debtors, Robert and Susan Bell (the "Debtors"), filed a petition for bankruptcy on April 28, 1992. On October 6, 1992, the IRS filed a proof of claim in the amount of $102,513.30. The IRS's claim arises from an assessment for unpaid taxes for the 1985 tax year. The Debtors dispute the IRS's claim because the IRS allegedly failed to properly notify the Debtors of the alleged deficiency. By failing to properly notify the Debtors of the deficiency, the Debtors contend they did not have the opportunity to contest the alleged deficiency.

At the time that the Debtors filed their 1985 tax return, they lived at 6337 Las Flores Drive, Boca Raton, Florida (the "old address"). They continued to live at that address until June or July 1987, when they moved to 8213 Thames Blvd., Unit 8, Boca Raton (the "new address"). Despite the move in 1987, the Debtors listed their old address on their 1987 tax return, which was received by the IRS on September 2, 1988. On November 30, 1988, the IRS sent an Address Information Request to the Post Office. The Post Office returned the request on December 6, 1988, and wrote in the space for the Debtors' new address, "moved not forwardable". On April 15, 1989, the Debtors mailed an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return which listed the Debtors new address. On May 15, 1989, the IRS sent to the Debtors old address by certified mail a Notice of Deficiency (the "Notice"). The Debtors allegedly never received the Notice.

■ Section 6212(b)(1) of the Internal Revenue Code requires that a notice of deficiency be mailed to the taxpayer's last known address. If the IRS does not comply with this requirement, the notice of deficiency and any later assessment are invalid unless the taxpayers actually received the notice within the 90 day period in which to contest the notice of deficiency. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984).

■ It is well established that the IRS is entitled to consider as a taxpayer's last known address the address on the taxpayer's most recent return unless the IRS has been given clear and concise notification of a different address. *Id.* However, if the IRS is notified that the taxpayer has changed its address, the IRS must exercise reasonable diligence in ascertaining the correct address. *See, Martin v. Commissioner*, T.C.Memo 1992–714; *Powell v. Commissioner*, 958 F.2d 53, 55 (4th Cir.1992); *Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir.1988); *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir.1984).

There is no dispute that the IRS sent the Notice to the address listed on the Debtors' most recent return. The parties dispute whether the IRS was notified that the Debtors changed their address and whether the

**480**

IRS exercised reasonable diligence in ascertaining the correct address. The Debtors contend that the IRS was notified that the Debtors changed their address when the Address Information Request was returned by the Post Office. The IRS asserts that because the Debtors did not notify the IRS of their change of address, the Notice was sufficient when it was mailed to the address listed on the 1987 return.

When the Address Information Request showing that the Debtors had moved was returned to the IRS, the IRS was notified that the Debtors no longer lived at the old address. At that point, the IRS was required to attempt to ascertain the Debtors' correct address. Candy Atchison, a Statutory Notice Coordinator for the IRS, testified that after the IRS received notice that the Debtors no longer lived at the old address it checked its own computer records for a more current address and went through a checklist of items to determine whether there was a more current address on file. Ms. Atchison testified on cross examination that it did not check with FPL or Southern Bell for a more current address.

The Fifth Circuit, in *Mulder*, recognized the Tax Court's willingness to impose a greater burden when the IRS knew or should have known the taxpayer had moved. *Mulder*, 855 F.2d at 212. The Court in *Mulder* cited to cases that determined that, among other places, the IRS should have made inquiries with the department of motor vehicles or the taxpayer's representatives identified on his tax form. *See, Fernandez v. Commissioner*, T.C.Memo 1987–557 (1987); *King v. Commissioner*, 88 T.C. 1042 (1987). No case has required the IRS to make inquiries of the local utility company or local phone company to determine a taxpayer's current address.

There was no evidence presented in this case that showed that the IRS made inquiries with the Department of Motor Vehicles or with the accountant that prepared the 1985 tax return. There also was no evidence that had the IRS inquired in either of these two places it would have found the Debtors' new address. If the IRS had made these inquiries it would have been sufficiently diligent in its attempt to ascertain the Debtors' correct address. However, because the IRS's attempt to locate the Debtors, after it was known by the IRS that the Debtors had moved, was only through internal computer checks, the Court finds that the IRS was not reasonably diligent in its attempt to ascertain the correct address of the Debtors. Accordingly, it is

ORDERED AND ADJUDGED that the Debtors' Amended Objection to Claim of the IRS is sustained and the IRS's claim shall be disallowed in its entirety.

DONE AND ORDERED.