**UNITED STATES of America, Appellant,**

v.

**Robert BELL and Susan Bell, Appellees.**

**No. 94–8302–Civ.**

United States District Court,
S.D. Florida.

June 22, 1995.

---

Mark Stier, Steven Shapiro, Attys., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant U.S.

Billie Tarnove, Fort Lauderdale, FL, for appellees Robert and Susan Bell.

## ORDER AFFIRMING THE BANKRUPT-CY COURT'S ORDER SUSTAINING DEBTOR'S AMENDED OBJECTION TO CLAIM OF IRS

ARONOVITZ, District Judge.

The Internal Revenue Service appeals from the Bankruptcy Court's Order Sustaining Debtor's Amended Objection to Claim of IRS. *See In re Bell,* 166 B.R. 478 (Bankr. S.D.Fla.1994).

**Factual and procedural background**

Appellees, Robert and Susan Bell, filed their 1985 tax return on October 20, 1986, listing as their address 6337 Las Flores Drive, Boca Raton. Robert Bell testified and the Bankruptcy Court found that they moved in June or July 1987, to 8213 Thames Boulevard, Unit 8, Boca Raton. Mr. Bell also testified that he signed his 1987 tax return on July 15, 1988. Both the 1985 and 1987 returns listed the old address as their address. On December 6, 1988, an Address Information Request sent to the old address was returned to the IRS with marked by the post office "moved not forwardable."

The IRS determined a deficiency in the Bells' 1985 income tax. Before sending a statutory notice of deficiency for that year, the IRS ran a computer system check of its own records to determine another more recent address, utilizing the Bells' social security numbers and the 1987 tax return. The search revealed only the old address. On May 15, 1989, the IRS sent the statutory notice of deficiency for their 1985 taxes to the old address. The post office returned the notice stamped "moved not forwardable." On April 15, 1989, the Bells mailed to the IRS an application for extension of time to file their 1988 tax return. Both the application and the 1988 return filed August 15, 1989, contained the new address. However, the IRS asserts the application did not "post" to the IRS's computers until July 1989 and the 1988 return was not "processed" until November 6, 1989. The statute of limitations for assessment of the tax required that the IRS mail the Notice of Deficiency by October 20, 1989.

On April 28, 1992, Robert and Susan Bell filed a chapter 13 bankruptcy petition. The IRS filed a proof of claim for 1985 taxes due in the amount of $102,513.30. The Bells objected to the claim for failure of the IRS to send a statutory notice of deficiency to the Bell's last known address. The Bankruptcy Court sustained the objection, holding that upon learning that the old address was not correct, the IRS was not diligent in attempting to learn the new address. The Bankruptcy Court concluded that the IRS should have checked with the Department of Motor Vehicles or the accountant who prepared the Bells' return.

### Discussion

If the IRS determines a deficiency in respect of any income tax imposed, the U.S.Tax Code authorizes the IRS to "send notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. § 6212(a). Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if mailed to the taxpayer's last known address.[1]

26 U.S.C. § 6212(b); *King v. Commissioner of Internal Revenue*, 88 T.C. 1042, 1048, 1987 WL 49314 (1987), *aff'd*, 857 F.2d 676 (9th Cir.1988); *Abeles v. Commissioner of Internal Revenue*, 91 T.C. 1019, 1035, 1988 WL 129221 (1988).

■ Not defined in the Tax Code, a taxpayer's "last known address" is the address to which the IRS, in light of all the reasonable facts and circumstances, reasonably believed the taxpayer wished the notice to be sent. *Mollet v. Commissioner of Internal Revenue*, 82 T.C. 618, 1984 WL 15562 (1984), *aff'd without publ. op.*, 757 F.2d 286 (11th Cir.1985) (citing *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir.1967); *Lifter v. Commissioner*, 59 T.C. 818, 821, 1973 WL 2587 (1973)). In determining the taxpayer's "last known address" the IRS must exercise reasonable diligence. *Mulder v. Commissioner*, 855 F.2d 208 (5th Cir.1988); *Wallin v. Commissioner*, 744 F.2d 674, 677 (9th Cir. 1984). "The focus is on the information available to the IRS at the time it issued the notice of deficiency." *Id.* at 211. This involves a question of fact subject to review on a clearly erroneous standard.

■ Taxpayers must provide the IRS with clear and concise notification of any change in address. *Pugsley v. Commissioner of Internal Revenue*, 749 F.2d 691, 693, n. 1 (11th Cir.1985); *Mollet*, 82 T.C. at 623 (both cases citing *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 372, 1974 WL 2662 (1974)). Whether or not the IRS has been notified is a question of fact which the taxpayer bears the burden of proving. *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985); *Mollet*, 82 T.C. at 624. This finding of fact is also reviewed on a clearly erroneous standard.

■ The Bells argued and the Bankruptcy Court agreed that when the IRS received their Address Information Request stamped by the post office "moved not forwardable," the IRS "was notified that the Debtors no

---

1. The failure to comply with this requirement renders the notice of deficiency and the subsequent assessment invalid, unless the taxpayer actually received the notice within the ninety-day period. The taxpayer has ninety (90) days from the mailing of a notice of deficiency to file a petition with the Tax Court for a redemption of the deficiency. 26 U.S.C. § 6213(a).

longer lived at the old address.[2] That finding is not clearly erroneous. The IRS argues that the burden was not met, because the post office provided the notice, the taxpayer did not. Thus, the IRS argues, in the absence of clear and concise notification from the taxpayers of their change of address, the burden to exercise reasonable diligence is satisfied by consulting the taxpayers' most recent return. Regardless of the source of the notice, the IRS received it.

■ In any event, the IRS is statutorily required to use the last known address of the taxpayer. 26 U.S.C. § 6212(b). The IRS must also exercise reasonable diligence in determining that address, separate and distinct from the taxpayer's burden to provide clear and concise notification. What constitutes reasonable diligence will vary according to the information available to the IRS, including any notice from the taxpayer. However, the test focuses not on the information that the taxpayer provides but the information which the IRS possesses. More importantly, the test is fact specific and must be addressed on a case by case basis.

The courts have addressed numerous cases involving a variety of scenarios. The Seventh Circuit has held that the IRS is entitled to simply use those documents submitted to it by the taxpayer. *Eschweiler v. U.S.*, 946 F.2d 45 (7th Cir.1991). In *Eschweiler*, the IRS agent's independently obtained knowledge that the taxpayer's lease had expired did not amount to a "clear and concise" taxpayer notification. *Id.* However, the court noted that the taxpayer had directed the post office to forward mail from that address to his friend's house, indicating that he still intended to receive mail at that address. Thus, the notice of deficiency sent to that address satisfied the IRS burden, because the taxpayer would have received the notice had he picked it up in a timely manner.

The Tenth Circuit has held that the "IRS is entitled to rely on the address shown on the taxpayer's tax return for the year in question unless the taxpayer satisfies his burden to provide clear and concise notice of his current address to the IRS." *Armstrong v. C.I.R.*, 15 F.3d 970 (10th Cir.1994).

The Ninth Circuit found that although the IRS checked with the DMV and the post office for a new address, the attempts fell short of reasonable diligence, because the IRS had notice that the taxpayer had moved. *Wallin*, 744 F.2d at 677. The court noted that the IRS should have completed a computer search by social security number to discover a subsequent return filed under a different name or filed in a different state. *Id.*

The Bankruptcy Court here relied on *Mulder*, 855 F.2d 208. In *Mulder*, the Fifth Circuit cited cases which required outside inquiries to the DMV or to taxpayer representatives. The Fifth Circuit also recognized the Tax Court's recent willingness to impose a greater burden when the IRS knew or should have known that the taxpayer had moved. However, in *Mulder* the IRS had presented no evidence that they had run any computer checks of their internal records. *Id.* at p. 211 n. 5.

Although addressing factually different cases, the courts consistently focus the reasonable diligence inquiry on the information available to the IRS at the time it mails the notice of deficiency. In other words, the courts look to the IRS's knowledge of the taxpayer's address rather than the taxpayer's actual address.

■ In this case the IRS knew that the address they possessed on record was no longer correct and that any mail sent to that address would be returned, not forwarded. While the taxpayer should bear the burden of notification of the new address, the IRS cannot simply ignore that which it obviously knows. The Bankruptcy Court noted that Candy Atchinson, a Statutory Notice Coordinator for the IRS, testified that the IRS ran certain computer checks to obtain a more current address after the IRS received the

---

2. The Bells also argue that they satisfied their burden by filing an application for an extension of time with their new address. Although the application was submitted one month prior to the notice of deficiency, the IRS must be allowed a reasonable amount of time to process and transfer information internally. *Williams v. C.I.R.*, 935 F.2d 1066, 1068 (9th Cir.1991). This is especially true of information received on April 15th of any year.

postal notice "moved not forwardable." *Bell,* 166 B.R. at 480. An inquiry of outside sources would have demonstrated reasonable diligence.[3] The Bankruptcy Court suggested the IRS check with the tax return preparer or the Department of Motor Vehicles.[4]

## Conclusion

The Bankruptcy Court was not clearly erroneous in determining that, when the IRS knew the taxpayers had moved, the decision to run only an internal computer search for a new address did not constitute reasonable diligence in ascertaining the last known address. Accordingly, it is

ORDERED AND ADJUDGED that the Bankruptcy Court's Order Sustaining Debtor's Amended Objection to Claim of IRS is hereby AFFIRMED.

DONE AND ORDERED.

---

3. The IRS argued that attempts to discover from outside sources the new address would have been unsuccessful. The IRS is not required to find the taxpayer's actual current address; it must simply exercise reasonable diligence in attempting to find the taxpayer's last known address.

4. The IRS acknowledged in oral argument that technological advances currently enable the IRS to check with a Department of Motor Vehicles by computer.