## ACTION AGAINST RAILWAY COMPANY FOR FIRE LOSS.

Court of Appeals for Wood County.

The Hanover Insurance Company et al v. The Cincinnati, Hamilton & Dayton Railway Company.

Decided, May 8, 1913.

*Railways—Failure to Show that Building Was Fired by Passing Loco-*
*motive—Character of Proof Required to Establish Such an Allega-*
*tion.*

In an action against a railway company for loss of property by fire, alleged to have been started on land adjoining the right-of-way by sparks from a passing locomotive, in order to establish a *prima facie* case of negligence under the act of April 26th, 1894, 91 O. L., 187, it must be shown by affirmative evidence that the fire was caused by sparks from a locomotive which was being operated on the defendant company's road, and this evidence must be sufficiently convincing to warrant the jury in finding that the fire was so caused.

*Benj. F. James,* for plaintiffs.
*N. R. Harrington,* contra.

Chittenden, J.; Kinkade, J., and Richards, J., concur.

Error to the Court of Common Pleas of Wood County, Ohio.

This action was begun in the common pleas court to recover damages alleged to have been sustained by the burning of a building belonging to one of the plaintiffs, F. M. G. Seibert, and which building was alleged to have been fired by sparks emitted by an engine of the defendant company while passing along the property of said plaintiff adjacent to the right-of-way of the defendant company. The fire is alleged to have occurred on or about April 25th, 1909. The defendant claims not to have caused the fire, and further that its engines were equipped with the most effectual device for preventing the escape of fire and sparks therefrom. There were joined in this action as plaintiffs two insurance companies who had paid to the plaintiff Seibert the amount of insurance carried by their respective companies.

The plaintiff Seibert claims a loss in excess of his insurance indemnity.

Upon trial of the action the jury returned a verdict in favor of the defendant. A motion for a new trial filed by the plaintiffs was overruled and judgment entered upon the verdict. This proceeding is to secure a reversal of such judgment.

The principal errors complained of are that the verdict and judgment are against the weight of the evidence, and that the court erred in its charge to the jury, especially in giving the written charges requested by defendant before argument.

In order that the plaintiffs might recover in this action it was incumbent upon them to prove that the fire was caused in whole or in part by sparks from an engine upon or passing over or along the railroad while the defendant was operating it. Such proof when made, establishes a *prima facie* case of negligence upon the part of the defendant, but such *prima facie* case is only made by the proof of such fact by affirmative evidence that would justify the jury in finding that the fire was so caused.

The Supreme Court of Ohio in *Cleveland Terminal & Valley Railroad Company* v. *Marsh*, 63 O. S., 236, holds:

"To establish negligence there should be either direct proof of the facts constituting such negligence or proof of facts from which negligence may be reasonably presumed. There should be no guessing by either court or jury."

A careful examination of the evidence as disclosed by the record in this case shows that the jury would be entirely justified in finding that the plaintiffs did fail to prove by a preponderance of the evidence that the fire was caused by sparks escaping from a passing locomotive. In fact we are of the opinion that the evidence would not justify any other finding upon this issue of fact.

The plaintiffs having failed in the proof in this essential fact, we find no error in the record prejudicial to the plaintiffs, and the judgment of the common pleas court is affirmed.