# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 09-60822

Lyle W. Cayce
Clerk

PAMELA R. TERRELL

Petitioner–Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent–Appellee

Appeal from the Decision
of the United States Tax Court

Before STEWART, PRADO, and ELROD, Circuit Judges.

PRADO, Circuit Judge:

Pamela R. Terrell appeals the Tax Court's order dismissing her petition for lack of jurisdiction. The Tax Court found it lacked jurisdiction because Terrell filed her petition more than ninety days after the Commissioner of Internal Revenue ("Commissioner") sent her a Notice of Final Determination ("Notice"). Terrell argues that because the Commissioner did not send the Notice to her "last known address," as required by I.R.C. § 6015(e), this Court should find her petition timely as it was filed within ninety days of the Internal Revenue Service ("IRS") mailing the Notice to her correct address.

The IRS was on notice that its address on file for Terrell was incorrect, because the United States Postal Service ("USPS") had already returned three

No. 09-60822

of the IRS's prior mailings to Terrell as undeliverable. The IRS thus had a duty to exercise reasonable diligence to search for her correct address, but failed to do so before sending the Notice. The Notice sent on April 6, 2007 was, therefore, not sent to her "last known address," and became null and void when it was subsequently returned as undeliverable. Terrell's ninety days began to run only after the IRS re-sent the Notice to her correct address on May 14, 2007. Because Terrell filed her petition with the Tax Court within ninety days of the May 14th Notice, her petition was timely. Accordingly, we REVERSE the ruling of the Tax Court and REMAND for a determination of the petition's merits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After receiving an assessment for over $660,000 in unpaid taxes, Terrell filed a Request for Innocent Spouse Relief (Form 8857) dated September 20, 2006 with the IRS. She listed her then-current address on her Request (the "North Richland Hills address"). Soon after filing the Form 8857, she moved to a new address (the "Dallas address"). Terrell claims that she submitted a Change of Address form to the USPS, but the record contains no evidence of this apart from Terrell's declaration.

On December 13, 2006, the IRS mailed a confirmation of receipt of Form 8857 to the North Richland Hills address, but USPS returned the letter to the IRS as undeliverable on January 24, 2007. On February 7, 2007, the IRS mailed two preliminary notices of determination denying relief. The preliminary notices informed Terrell that she had thirty days to request a review of the determination from IRS Appeals. On February 28, 2007, USPS returned the preliminary notices to the IRS as undeliverable.

After the IRS did not receive a request to review the determination from Terrell, it mailed the Notice on April 6, 2007, to the North Richland Hills address, denying § 6015 relief and stating that Terrell had ninety days to petition the Tax Court for review. On April 11, 2007, Terrell filed her 2006 tax

No. 09-60822

return, listing the Dallas address as her current address.  On May 7, 2007, the Notice was returned to the IRS as undeliverable.  After receiving the returned Notice, the IRS searched its database, found the Dallas address, and re-mailed the Notice to that address on May 14, 2007.  The Notice the IRS sent to the Dallas address was identical to the one sent on April 6, 2007, and also listed April 6, 2007 as the date of determination of Terrell's claim.  Terrell admits that she received the Notice in mid-May.  Terrell filed a petition with the Tax Court on July 13, 2007.

The Commissioner moved to dismiss the petition for lack of jurisdiction because Terrell had not filed it within ninety days after April 6, 2007.   Terrell responded that the ninety-day limit began to run only in mid-May when she actually received the Notice, or, in the alternative, that the Tax Court should exercise its equitable power to allow her petition.  After a hearing, the Tax Court dismissed Terrell's petition for lack of jurisdiction.

The Tax Court found that, as a court of limited jurisdiction lacking general equitable powers, it was barred from hearing Terrell's claim because her petition fell outside the ninety-day limit of § 6015(e).  It held that Terrell had not carried her burden of demonstrating that the Notice was not sent to her "last known address."  The Tax Court found that the IRS acted with reasonable diligence to ascertain her "last known address," because, after the USPS returned the first Notice, the IRS searched its database, found Terrell's current address, and re-sent a copy of the Notice.  The Tax Court therefore found that Terrell had to file her petition by July 5, 2007, and because she did not file the petition until July 13, 2007, it lacked jurisdiction.  Terrell timely filed this appeal.

## II.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final decisions of the Tax Court under 26 U.S.C. § 7482(a)(1).

3

No. 09-60822

This Court "appl[ies] the same standard of review to decisions of the Tax Court that [it] appl[ies] to district court decisions." *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007) (citing *Arevalo v. Comm'r*, 469 F.3d 436, 438 (5th Cir. 2006)). "Findings of fact are reviewed for clear error and issues of law are reviewed de novo." *Id.* (citing *Arevalo*, 469 F.3d at 438)). "Clear error exists when this [C]ourt is left with the definite and firm conviction that a mistake has been made." *Id.* (citing *Streber v. Comm'r*, 138 F.3d 216, 219 (5th Cir. 1998)).

## III.  DISCUSSION

Terrell argues that the IRS did not mail the Notice to her "last known address," because the IRS failed to conduct a "reasonably diligent" search for her address before mailing the Notice.  She asserts that her ninety-day petition period did not begin until she received the re-sent Notice, making her petition timely and giving the Tax Court jurisdiction.[1]

Our inquiry into these claims proceeds in two parts.  First, we must determine whether the IRS failed to exercise "reasonable diligence" in locating Terrell's correct address and thereby failed to send the Notice to her "last known address" as required by § 6015(e).  Second, if we find that the IRS failed to exercise "reasonable diligence" and the Notice was therefore not sent to her "last known address," we must determine the date on which Terrell's petition period started in order to assess whether the Tax Court had jurisdiction over her petition.

## A.    Validity of the April 6, 2007 Notice

An individual who requests Innocent Spouse Relief "may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate

---

[1] Terrell also advances several alternative arguments in favor of jurisdiction in the event that this Court finds her petition to the Tax Court was untimely, including equitable estoppel, equitable tolling, and due process.  Because we find jurisdiction on the basis that her petition was timely filed within the statutory period, we need not address these arguments.

relief available . . . not later than the close of the 90th day after" the date the IRS "mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual." I.R.C. § 6015(e)(1)(A). Although there is a dearth of cases interpreting § 6015, the Tax Court and the parties correctly cite to analogous cases from IRC §§ 6212 and 6213 concerning the IRS sending tax deficiency notices.[2] *See Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479 (1992) ("[I]dentical terms within an Act bear the same meaning."). In both § 6015 and § 6213, the Tax Court has no jurisdiction over a taxpayer's petition if it is not filed before the deadline.

In order to have jurisdiction to hear a taxpayer's petition, § 6015(e) requires that the taxpayer request review within ninety days of the IRS sending notice to the  taxpayer's "last known address." I.R.C. § 6015(e)(1)(A). The Tax Court's jurisdiction is a question of law that we review de novo. *Ferguson v. Comm'r*, 568 F.3d 498, 502 (5th Cir. 2009). However, whether the IRS properly sent notice to the taxpayer's "last known address," thereby starting the ninety-day response period, is a question of fact that we review for clear error. *Ward v. Comm'r*, 907 F.2d 517, 521 (5th Cir. 1990).

"'[L]ast known address' is a term of art and refers to that address which, in light of all relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer *at the time the notice of deficiency is mailed*." *Mulder v. Comm'r*, 855 F.2d 208, 211 (5th Cir. 1988) (emphasis added) (citing *Brown v. Comm'r*, 78 T.C. 215, 218 (1982)). This Court has interpreted *Mulder* as standing for the rule that "absent a subsequent, clear and concise notification of

---

[2] Section 6212(b)(2) directs the IRS to send a notice of deficiency regarding a joint income tax return "by certified mail or registered mail to each spouse at his last known address." I.R.C. § 6212(b)(2). Section 6213(a) provides that the taxpayer may file a petition for redetermination of such deficiency within ninety days of the date the IRS mails the notice. I.R.C. § 6213(a).

No. 09-60822

an address change, the IRS is entitled to consider the address on the taxpayer's most recently filed return as the taxpayer's 'last known address.'" *Pomeroy v. United States*, 864 F.2d 1191, 1194 (5th Cir. 1989) (citations omitted). This rule, however, does not dispense with the requirement that the IRS must use "reasonable diligence" to determine the taxpayer's address in light of all relevant circumstances. When the IRS knows or should know at the time of mailing that the taxpayer's address on file may no longer be valid because of previously returned letters, "reasonable diligence" requires further investigation. *See Mulder*, 855 F.2d at 212 (finding no "due diligence" where "two letters posted shortly before the notice . . . were returned undelivered" and the notice itself was neither delivered nor returned); *see also Pomeroy*, 864 F.2d at 1195 ("Given that the two returned letters put the IRS on notice that the taxpayer had changed his address, the IRS in *Mulder* should have done further investigation prior to sending the deficiency notice . . . ."); *Ward*, 907 F.2d at 522 ("[W]hen the IRS was aware before mailing the deficiency notice that the taxpayer had moved, the IRS was required to exercise greater diligence . . . ."); *Follum v. Comm'r*, 128 F.3d 118, 119–120 (2d Cir. 1997) ("The Commissioner has an obligation to exercise reasonable diligence to ascertain the taxpayer's correct address if prior to mailing the deficiency notice she has become aware that the address last known to the agency may be incorrect.").

Here, the Tax Court clearly erred in finding that the IRS exercised reasonable diligence. The proper inquiry for reasonable diligence examines the facts the IRS knew or should have known at the time it sent the Notice. The Tax Court instead focused on the fact that *after* the IRS sent the Notice and it was returned as undeliverable, it then checked its database and found an updated address from Terrell's recently filed tax return. But when the IRS sent the Notice on April 6, it should have already known that Terrell's address on file was incorrect because three separate mailings had been returned as undeliverable.

6

Although the IRS had not received "clear and concise notification" that her address had changed, the IRS is not entitled to rely on a lack of notification once it is on notice that its address on file is incorrect. *See Pomeroy*, 864 F.2d at 1195.

Because the IRS failed to take *any* steps to determine Terrell's correct address after receiving the returned mail and before mailing the Notice, we are compelled to find it did not exercise reasonable diligence. The IRS could have done a computer search through the DMV, contacted Terrell's employer, searched using Terrell's social security number, or undertaken any number of actions that might have located the Dallas address. *See Mulder*, 855 F.2d at 212 (listing different actions taken in other cases that might constitute reasonable diligence). Because the IRS failed to exercise reasonable diligence, the IRS did not mail the Notice to Terrell's "last known address."

## B.    Effective Start Date of the Petition Period

Having determined that the Notice sent on April 6 was not sent to Terrell's "last known address," we must now determine the date on which Terrell's ninety-day petition period began. The Commissioner urges this Court to adopt the "no prejudice" rule espoused by the First, Second, Third, Sixth, Ninth, and Eleventh Circuits.[3] This rule holds that despite failing to mail the notice to the

---

[3] *See Sicari v. Comm'r*, 136 F.3d 925, 930 (2d Cir. 1998) (holding that the IRS satisfies its duties under § 6212 if it can prove "that the envelope containing the notice was in fact delivered . . . ." (citation omitted)); *Patmon & Young Prof'l Corp. v. Comm'r*, 55 F.3d 216, 217 (6th Cir. 1995) ("[N]otice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient [to meet the conditions of § 6212(a)]." (internal quotation marks and citations omitted) (alteration in original)); *Borgman v. Comm'r*, 888 F.2d 916, 917 (1st Cir. 1989) ("A notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing." (citations omitted)); *Mulvania v. Comm'r*, 769 F.2d 1376, 1378 (9th Cir. 1985) ("[A] notice of deficiency actually, physically received by a taxpayer is valid under § 6212(a) if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition in the Tax Court . . . ."); *Pugsley v. Comm'r*, 749 F.2d 691, 692–693 (11th Cir. 1985) ("We do not determine whether the notice was sent to Pugsley's 'last known address,' since even if it was not, Pugsley was not prejudiced because he 'received actual notice of the deficiency with ample time remaining to file a petition.'"(footnote and citation omitted)); *Delman v. Comm'r*, 384 F.2d 929, 934 (3d Cir. 1967) (holding that where the taxpayer actually

No. 09-60822

taxpayer's "last known address," the IRS satisfies the statutory notice requirement if the taxpayer actually receives the notice without delay prejudicial to her ability to petition the Tax Court. Under the "no prejudice" rule, the Commissioner asks us to apply the ninety days beginning from April 6, as Terrell still had ample time to respond after receiving the re-sent Notice.

Terrell urges this Court to adopt the position of the Fourth, Seventh, and D.C. Circuits.[4] These courts have held that where the IRS fails to send the notice to the taxpayer's "last known address," but the taxpayer receives subsequent actual notice, the limitations period begins to run on the date the taxpayer receives actual notice. Under this rule, the ninety days would begin when Terrell received the Notice the IRS re-sent on May 14.

We decline, however, to weigh in on this circuit split. We hold that because the IRS not only failed to send the original Notice to Terrell's "last known address," but also had the Notice returned as undeliverable, the Notice as originally sent is null and void. As the Notice was returned undelivered to the IRS, we need not decide whether we would apply the "no prejudice" rule if the original Notice had actually reached Terrell.

Our decision is in line with the distinction adopted by the Ninth Circuit in *Mulvania*. In *Mulvania*, the IRS sent an erroneously addressed notice of

---

received the notice of deficiency despite the IRS failing to mail the notice to his last known address, "the date of mailing by the [IRS] commenced the running of the time for filing the petition for redetermination.").

[4] *Gaw v. Comm'r*, 45 F.3d 461, 468 (D.C. Cir. 1995) ("[B]ecause the IRS failed to . . . use reasonable diligence to ascertain an address at which the Gaws would receive the deficiency notice, . . . the time for the Gaws to file a petition for redetermination did not begin to run until the Gaws actually received that notice." (citations omitted)); *Powell v. Comm'r*, 958 F.2d 53, 57 (4th Cir. 1992) ("When notice of a deficiency is not sent to a taxpayer's last known address, subsequent actual notice of the deficiency will commence the running of the ninety-day period." (citations omitted)); *McPartlin v. Comm'r*, 653 F.2d 1185, 1192 (7th Cir. 1981) ("When notice of a deficiency is not sent to the taxpayer's 'last known address,' subsequent actual notice of the determined deficiency will commence the running of the 90 day period." (citations omitted)).

deficiency to the taxpayer, which was eventually returned as "[n]ot deliverable as addressed." *Mulvania*, 769 F.2d at 1377. While the mistake here was based on a typographical error, the notice was similarly not sent to the taxpayer's "last known address." Despite its adherence to the "no prejudice" rule, the Ninth Circuit distinguished situations where the original notice of deficiency is returned to the IRS as undeliverable. The Ninth Circuit held that this notice "became null and void when it was returned to the IRS." *Id.* at 1379; *see also Holof v. Comm'r*, 872 F.2d 50, 56 (3d Cir. 1989) (citing agreement with the *Mulvania* "null and void" principle). The *Mulvania* court further distinguished this situation from one where "the notice was improperly addressed, but the postal authorities nonetheless delivered the letter to the taxpayer."[5] *Mulvania*, 769 F.2d at 1379.

This "null and void" principle does not conflict with the decisions of the other Circuits that have adopted the "no prejudice" rule. The cases the Commissioner cites from these Circuits all concern situations where, despite the IRS's error, the original notice was actually delivered either to the taxpayer himself, the taxpayer's Post Office box, or the taxpayer care of his accounting firm. *See Sicari*, 136 F.3d at 927 (USPS informed taxpayers of notice waiting at Post Office); *Patmon & Young Pro. Corp.*, 55 F.3d at 216 (notice sent to Post Office box returned as "refused" and "unclaimed"); *Borgman*, 888 F.2d at 917 (notice automatically forwarded to the taxpayer by USPS); *Pugsley*, 749 F.2d at 692 (notice automatically forwarded to the taxpayer by USPS); *Delman*, 384 F.2d at 930 (notice sent to the taxpayer care of his accounting firm and duplicate sent

---

[5] The Ninth Circuit went on to note that the taxpayer "never physically received a notice of deficiency." *Mulvania*, 769 F.2d at 1379. In *Mulvania*, unlike the case at hand, the IRS never sent another notice after the first one was returned. We do not think that this distinction is material. The rule in *Mulvania* is that when the IRS commits an error in mailing a notice to the taxpayer, that notice becomes "null and void" upon the USPS returning it as undeliverable. *Id.* That the IRS did not re-send the notice in *Mulvania*, as it did here, does not change the fact that the original notice was null and void when it was returned.

to his attorney by regular mail, who promptly informed the taxpayer). Here, unlike these cases and like the taxpayer in *Mulvania*, Terrell never received the original Notice sent by the IRS. Therefore, the "no prejudice" rule is not directly applicable to the facts at hand. We reach only our narrow holding today and leave for another day the question of whether this Court will adopt the "no prejudice" rule or instead the "actual notice" rule.

The Commissioner expresses concern that failing to adopt the "no prejudice" rule creates a difficulty in determining the effective date of the Notice because of practical problems in discerning the date when the taxpayer received the Notice. Our decision does not, however, implicate this concern. After the original Notice was returned as undeliverable, the IRS subsequently mailed a second Notice on May 14 to the correct address. As the May 14 mailing was legally effective, we use the mailing date of this Notice as the beginning of the ninety day petition period rather than the day Terrell received the Notice. Because Terrell properly filed her petition within ninety days after May 14, the Tax Court was not without jurisdiction to hear the petition.

## IV.  CONCLUSION

Given the IRS's notice that Terrell's address on file was no longer valid, it failed to exercise "reasonable diligence" in locating Terrell's correct address before sending the original Notice. Therefore, the Notice was not sent to Terrell's "last known address." This, and the fact that the Notice was returned by USPS as undeliverable, rendered the original Notice null and void. The statutory petition period began only when the IRS re-sent the Notice to Terrell's correct address on May 14, 2007. As Terrell filed her petition within ninety days of this date, the Tax Court erred in finding itself without jurisdiction to hear the merits of Terrell's petition.

REVERSED and REMANDED.