# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60115
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

BRUCE EDWARD HADDIX; RAE ANN HADDIX,

      Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee

Appeal from the Decision
of the United States Tax Court
TC No. 019647-13

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

After a due process collection hearing, the Internal Revenue Service Office of Appeals sustained tax levies against Petitioners–Appellants Bruce and Rae Ann Haddix. The Haddixes appealed those determinations to the Tax Court, which ultimately dismissed the appeal for lack of jurisdiction. The Haddixes, proceeding pro se, now challenge the Tax Court's dismissal, as well

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60115

as its decisions to quash certain subpoenas and deny their request for sanctions against the Commissioner. For the following reasons, we AFFIRM, except for the appeal from the quashing of the subpoenas, which we DISMISS as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2013, the Internal Revenue Service sent the Haddixes notices of intent to levy on their property for unpaid tax liabilities. In response, the Haddixes timely requested a collections due process hearing before the Internal Revenue Service Office of Appeals. *See* I.R.C. § 6330(b). After the Haddixes' hearing, the Office of Appeals sent the Haddixes "notices of determination" sustaining the proposed levies. The notices were dated and mailed July 16, 2013. They stated that the Haddixes could "file a petition with the United States Tax Court within 30 days from the date of this letter"; that this deadline was "fixed by law"; and "[t]he courts cannot consider your case if you file late."

The Haddixes subsequently filed a petition with the Tax Court challenging the determinations of the Office of Appeals. The petition was dated August 15, 2013—exactly 30 days after the notices of determination were issued—but arrived at the Tax Court on August 23, 2013—38 days after the notices of determination were issued. The petition arrived in an envelope with a priority mailing label bearing an August 16, 2013, date of sale.

On October 22, 2014, the Commissioner moved the Tax Court to dismiss the Haddixes' case for lack of jurisdiction because their petition was not mailed on or before August 15, 2013—the jurisdictional deadline prescribed by the Internal Revenue Code.[1] The Commissioner's motion (as supplemented)

---

[1] The parties do not dispute that the 30-day period to appeal prescribed by the Internal Revenue Code expired on August 15, 2013, or that this deadline was jurisdictional. *See* I.R.C. § 6330(d)(1); Treas. Reg. § 301.6330-1(e), Question E10; *see also Gray v. Comm'r*, 723 F.3d 790, 793 (7th Cir. 2013); *Boyd v. Comm'r*, 451 F.3d 8, 10 n.1 (1st Cir. 2006). Nor do they dispute that, under the so-called timely mailing / timely filing rule, the Haddixes' petition

2

argued that the mailing label's August 16, 2013, date of sale constituted a U.S. Postal Service postmark date, which was controlling as to when the Haddixes filed their petition.  It further argued that, regardless of the characterization of the mailing label's date of sale, the Haddixes could not meet their burden of proving that they mailed their petition on or before August 15, 2013.

The Haddixes' response (as supplemented) argued that (1) they did, in fact, mail their petition on or before the August 15, 2013, deadline; (2) the mailing label was "blacked out," rendering the date of sale illegible; (3) the mailing label's August 16, 2013, date of sale was not a U.S. Postal Service postmark; and (4) the Commissioner's motion—filed more than a year after the Haddixes filed their petition—was untimely.  To substantiate their assertions, the Haddixes provided a bank statement which indicated the postal charge was "posted" to their account on August 16, 2013, at 12:00 a.m.; a declaration in support of their response attesting, under penalty of perjury, that they mailed their petition on either "August 14, 2013 or August 15, 2013"; and an email from a U.S. Postal Service employee indicating that a "Postmark AUG 16 2013" notation on a copy of the envelope in which the Haddixes' petition arrived was "not one of our postmarks."  In their response, the Haddixes also requested that the Tax Court impose sanctions on the Commissioner.

The Tax Court scheduled the Commissioner's motion to be heard on March 9, 2015.  The Haddixes—believing a trial on the merits would follow argument on the Commissioner's motion—caused subpoenas to be issued to several individuals involved in a prior criminal prosecution of a relative.  The Haddixes sought evidence from these individuals to substantiate their defense that the criminal prosecution created a financial hardship that prevented them

---

was timely if it was mailed on or before August 15, 2013.  *See* I.R.C. § 7502(a)(1); Treas. Reg. § 301.7502–1(c)(1)(ii) and (iii).

No. 16-60115

from paying their taxes. On March 4, 2015, two of the subpoenaed individuals moved to quash to their subpoenas, which the Tax Court did on March 6, 2015. A third individual orally moved to quash his subpoena at the March 9, 2015, hearing, which the Tax Court also did. The Tax Court subsequently denied the Haddixes' motion to vacate the quashing of the subpoenas.

At the March 9, 2015, hearing (which the Haddixes declined to attend), a U.S. Postal Service employee testified that the August 16, 2013, date of sale was both accurate and a U.S. Postal Service postmark. He also testified that, prior to its delivery, the U.S. Postal Service irradiated the Haddixes' petition (along with other mail), which darkened the mailing label but did not render it unreadable. The Tax Court also took judicial notice that the "Postmark AUG 16 2013" notation on the copy of the envelope in which the Haddixes' petition arrived was placed there by the Tax Court's clerk.

Following the hearing, the Tax Court granted the Commissioner's motion and dismissed the case for lack of jurisdiction. In its opinion, the Tax Court found that the timing of the Commissioner's motion was "inconsequential" because a party can question a lack of subject matter jurisdiction at any time. It further found that, even if the mailing label's date of sale did not constitute a U.S. Postal Service postmark date, as the Haddixes contended, the Haddixes "failed to prove their petition was timely mailed on or before August 15, 2013." The Tax Court concluded by noting that it "considered all arguments [made by the Haddixes], and to the extent not mentioned, we consider them irrelevant, moot, or without merit."[2] The Haddixes timely appealed.

---

[2] We thus reject the Haddixes' apparent contention on appeal that the Tax Court never considered their arguments about the "blacked out" mailing label or purported "discrepancies" in the Commissioner's motion. We note that the purported "discrepancies"— relating to an apparent attempt by the Commissioner to confer with the Haddixes prior to

No. 16-60115

## II. ANALYSIS

"As we begin our review, we are mindful that 'we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel.'" *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)). Under this standard, we construe the Haddixes' brief on appeal to raise three issues: whether the Tax Court erred in (1) concluding that they failed to prove that they mailed their petition on or before August 15, 2013; (2) quashing the subpoenas to the individuals involved in the prior criminal prosecution; and (3) denying their request for the imposition of sanctions against the Commissioner.[3]

### A.  Timeliness of Petition

On appeal, the Haddixes renew their arguments that their petition was timely filed and that the mailing label is "blacked out," rendering it illegible. According to the Haddixes, without the ability to read all of the information on the label, "there is absolutely no evidence that this label was actually . . . used to mail the [p]etition"—let alone that they untimely mailed their petition.

"This Court 'applies the same standard of review to decisions of the Tax Court that it applies to district court decisions.'" *Terrell v. Comm'r*, 625 F.3d

---

filing its motion to dismiss—are irrelevant to the substantive issues at hand. Thus, we, like the Tax Court, do not separately discuss them.

[3] The Haddixes' brief also challenges the Internal Revenue Code's rules for computing the time period within which a taxpayer may seek judicial review because they do not account for the time a notice of determination spends in the mail. *See* I.R.C. § 6330(d)(1); Treas. Reg. § 301.6330-1(e), Question E10. We do not reach this issue, however, because the Haddixes did not raise it before the Tax Court. The fact that this court grants leeway to pro se litigants like the Haddixes generally does not permit them to raise a completely new issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008). Nor does the fact that "a *lack* of subject matter jurisdiction may be raised . . . for the first time on appeal," *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (emphasis added), mean that the Haddixes may raise an issue that "might have *supported* such jurisdiction" for the first time on appeal, *United States v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996).

254, 258 (5th Cir. 2010) (alternations omitted) (quoting *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007)).  Thus, we review the Tax Court's application of law de novo and factual findings for clear error.  *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009).  The allocation of the burden of proof is a question of law reviewed de novo, and the findings of fact underlying the Tax Court's conclusion on whether a party met that burden are reviewed for clear error.  *See Guajardo v. Tex. Dep't of Criminal Justice*, 363 F.3d 392, 395 (5th Cir. 2004) (per curiam).

The Haddixes do not dispute that they, as the ones invoking the Tax Court's jurisdiction, had the burden of proving the Tax Court's jurisdictional prerequisites by a preponderance of the evidence, including that they timely mailed their petition on or before August 15, 2013.  *See Savoy v. Comm'r*, 108 T.C.M. (CCH) 168, 2014 WL 3928972, at *6 (2014), *aff'd*, 589 F. App'x 187 (4th Cir. 2015); *see also Irving v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).  Thus, our review is limited to whether the Tax Court clearly erred in finding that the Haddixes had not met that burden.  The Tax Court's finding is only clearly erroneous "if, after reviewing the record, this [c]ourt is firmly convinced that a mistake has been made."  *Branch Consultants*, 560 F.3d at 376.

After a thorough review of the record, we are not firmly convinced that a mistake was made by the Tax Court.  The Haddixes' petition is dated August 15, 2013, and the mailing label affixed to the envelope in which the Haddixes' petition arrived at the Tax Court clearly bears an August 16, 2013, date of sale.  The testimony heard by the Tax Court further showed that the U.S. Postal Service's machines cannot generate a mailing label with a date of sale after the actual date of sale; the machines simply "won't allow it."  Thus, the Haddixes could not have purchased (and consequently mailed)  their postage before August 16, 2013.  The Haddixes' bank statement corroborates that fact: the

postal charge was posted to their account on August 16, 2013. The Tax Court, therefore, did not clearly err in finding that the Haddixes failed to present sufficient evidence to substantiate their assertion that they timely mailed their petition on August 14, 2013, or August 15, 2013, and thus in dismissing their case for lack of jurisdiction.

## B. Quashing of Subpoenas

The Haddixes argue that the Tax Court erred in relying on several purportedly untruthful assertions in the subpoenaed individuals' motions to quash without first affording them an opportunity to refute those assertions. Specifically, they challenge the Tax Court's reliance on assertions that the subpoenas they caused to be issued were unrelated to their defense of "financial hardship and inability to pay." We cannot reach the merit of the Haddixes' challenge, however, because the subpoena dispute is unquestionably moot in light of our decision to affirm the dismissal of the Haddixes' case for lack of jurisdiction. *See United States v. Christo*, 614 F.2d 486, 494 n.10 (5th Cir. 1980) (finding that point of error directed towards the quashing of subpoenas was moot in light of decision to grant retrial); *see also United States v. Miller*, 685 F.2d 123, 124 (5th Cir. Unit B 1982) (per curiam) (finding subpoena dispute mooted by conclusion of underlying criminal prosecution). Although the subpoenas were issued in connection with the March 9, 2015, hearing on the Commissioner's motion to dismiss, they indisputably were issued to present evidence at a trial on the merits.[4] But in light of our

---

[4] Thus, this case does not involve a jurisdictional discovery dispute, which we would have jurisdiction to address. *See Freeman v. United States*, 556 F.3d 326, 341–43 (5th Cir. 2009) (addressing jurisdictional discovery dispute in connection with review of dismissal for lack of subject matter jurisdiction); *see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (recognizing distinction between subpoenas issued "in aid of determining [subject matter] jurisdiction" and those "issued to obtain discovery on the merits of the litigation").

affirmance of the dismissal of the case, there can be no trial in which such evidence can be used.   Thus, the Haddixes' appeal from the Tax Court's quashing of the subpoenas must be dismissed as moot.

## C.  Request for Sanctions

The Haddixes contend that imposing sanctions against the Commissioner would have been appropriate in this case to compensate them "for all labor hours required" to respond to, among other things, the Commissioner's motion to dismiss.   Unlike the subpoena dispute, this sanctions dispute was not rendered moot by the dismissal of the Haddixes' case for lack of jurisdiction.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 138–39 (1992) (recognizing courts retain the power to impose sanctions even after they dismiss a case for lack of jurisdiction).   Accordingly, we must consider the merit of the Haddixes' argument.

We review the Tax Court's denial of the Haddixes' request for sanctions for abuse of discretion.   *Haase*, 748 F.3d at 630.[5]   In the Tax Court, the Haddixes did not attempt to identify the source of sanctioning authority upon which their request relied, and we need not attempt to isolate one on appeal, because the Haddixes' request for sanctions was entirely without merit. Therefore, the Tax Court did not abuse its discretion in denying that request.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the Tax Court's dismissal of the case for lack of jurisdiction and denial of the Haddixes' request for sanctions against the Commissioner.  We DISMISS AS MOOT the Haddixes' appeal from the Tax Court's quashing of the subpoenas.  The Haddixes shall bear the costs of this appeal.

---

[5] As noted *supra*, the same standard of review applies to decisions of the Tax Court as to decisions of district courts.  *Terrell*, 625 F.3d at 257.