# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60683
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

KARSON C. KAEBEL,

     Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

     Respondent - Appellee

Appeal from a Decision of the
United States Tax Court
TC No. 916-18

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

     Karson Kaebel appeals an order of the Tax Court dismissing for lack of jurisdiction his petition for review regarding his unpaid tax liabilities. Kaebel argues that the Internal Revenue Service ("IRS") is attempting to levy against him without issuing the required notice. *See* 26 U.S.C. § 6330.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60683

The jurisdiction of the Tax Court is a question of law that we review *de novo. Terrell v. Comm'r*, 625 F.3d 254, 259 (5th Cir. 2010) (citing *Ferguson v. Comm'r*, 568 F.3d 498, 502 (5th Cir. 2009)). The Tax Court has jurisdiction over a petition only if the taxpayer files the petition within 90 days after the notice of deficiency is mailed. 26 U.S.C. § 6213(a); *Ward v. Comm'r*, 907 F.2d 517, 521 (5th Cir. 1990). "[W]hether the IRS properly sent notice to the taxpayer[] . . . thereby starting the ninety-day response period, is a question of fact that we review for clear error." *Terrell*, 625 F.3d at 259 (citing *Ward*, 907 F.2d at 521). The Tax Code does not require actual receipt of the notice of deficiency, rather the notice "shall be sufficient" if mailed to the taxpayer's last known address. 26 U.S.C. § 6212(b)(1); *Jones v. United States*, 889 F.2d 1448, 1450 (5th Cir. 1989).

Kaebel's petition to the Tax Court claimed that he never received a notice of deficiency for the years 2005–2010. The IRS moved to dismiss for lack of jurisdiction, providing copies of the notices of deficiency and United States Postal Forms 3877 showing that the notices were sent by certified mail to Kaebel's last known address. The record reflects that all six of the contested notices were mailed from December 13, 2010 to June 3, 2013. Accordingly, the 90-day deadline to file a petition expired, at the latest, on September 3, 2013. Kaebel did not file his petition until January 17, 2018. We find no clear error in the Tax Court's determination that the notices of deficiency were properly mailed and that Kaebel's petition was filed long after the deadline expired. *See, e.g., Haddix v. Comm'r*, 665 F. App'x 378, 381-82 (5th Cir. 2016) ("[Taxpayers], as the ones invoking the Tax Court's jurisdiction, [have] the burden of proving the Tax Court's jurisdictional prerequisites by a preponderance of the evidence[.]"). AFFIRMED.