NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────────────

No. 19-2229

─────────────

DAMIAN A. GREGORY;
SHAYLA A. GREGORY,

Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

─────────────

On Appeal from the United States Tax Court
(IRS No. 17-01465)
Tax Court Judge: Ronald L. Buch

─────────────

Argued on April 16, 2020
Before: CHAGARES, SCIRICA and ROTH, Circuit Judges

(Opinion filed: December 30, 2020)


T. Keith Fogg                           (**ARGUED**)
Audrey Patten
Oliver Roberts                          (**ARGUED**)
Legal Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, MA 02130


Carlton M. Smith
255 West 23rd Street
#4AW
New York, NY 10011


Counsel for Appellant

Janet A. Bradley
Thomas J. Clark          (**ARGUED**)
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

      Counsel for Appellee

———————————

OPINION[*]

———————————

ROTH, <u>Circuit Judge</u>

Damian and Shayla Gregory appeal the Tax Court's determination that the IRS properly sent a notice of deficiency to their last known address. In 2016, the IRS sent a notice of deficiency to the Gregorys' former address, which their CPA had incorrectly listed on their 2014 tax return. The Gregorys had subsequently listed their new address on IRS forms although not on an official IRS change of address form. As a result of the deficiency notice going to the former address, the Gregorys' petition to the Tax Court for review of the deficiencies was late. The Tax Court found that the IRS had correctly determined the Gregorys' last known address. This determination deprived the Tax Court of jurisdiction over the Gregorys' untimely petition. The Gregorys appealed. Because of the unique facts of this case, we will vacate the judgment of the Tax Court.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

## I.     FACTS

When Damian and Shayla Gregory moved in June 2015, they neglected to submit an official change of address form to the IRS or to the Postal Service. Compounding the error, their CPA, Michael Chaffee, listed their old address when he filed their 2014 tax return in October 2015.[1] By November 2015, the IRS was auditing the Gregorys' 2013 return.

Chaffee sent Form 2848 to the IRS agent conducting the audit, designating himself as Power of Attorney for the Gregorys. The Form 2848 listed the Gregorys' new address. Form 2848 states that its only purpose is for "representation before the IRS."[2] The instructions for Form 2848 state that the address listed on the form will not change the taxpayer's last known address and directs the taxpayer to file Form 8822 to change their address with the IRS.

In April 2016, Chaffee filed IRS Form 4868 to extend the Gregorys' time to file their 2015 tax return. Form 4868 also listed the Gregorys' new address, but, like Form 2848, its instructions told the taxpayer to use Form 8822 to change their address with the IRS. Three days after Chaffee filed the extension, the IRS agent conducting the 2013 audit mailed a letter to the Gregorys' old address, informing them that their 2014 taxes

---

[1] The Gregorys had received an extension to file their 2014 return.
[2] App. 138.

3

were also being audited.[3] Sometime in the summer of 2016, Chaffee told the IRS agent Buzzelli during a telephone call that the Gregorys had moved.

In October 2016, the IRS mailed to the Gregorys, at their old address, a statutory notice of deficiency (SNOD) for their 2013 and 2014 taxes. The notice gave the Gregorys ninety days to petition for review in the Tax Court. After the ninety-day period had ended, Chaffee called the IRS to learn whether the IRS had issued the Gregorys a SNOD, and the IRS confirmed that it had. Chaffee and the Gregorys then mailed a petition to the Tax Court.

In the Tax Court, the IRS moved to dismiss the petition for lack of jurisdiction as untimely. The Gregorys cross-moved to dismiss the SNOD for lack of jurisdiction because it was not sent to their last known address. The Tax Court granted the IRS's motion because the Gregorys' petition to the Tax Court was late and the Gregorys' last known address was their old address. The Gregorys appealed.

---

[3] The IRS agent later reached out to Chaffee requesting more information about the Gregorys' 2013 and 2014 returns, and there is no allegation that the Gregorys did not know about the 2014 audit.

## II.     DISCUSSION[4]

The IRS must send statutory notices of deficiency to a taxpayer's "last known address."[5]  "[A] taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address."[6]  IRS regulations provide that IRS procedures will define "clear and concise notification."[7]  The procedure in place at the time of the Gregorys' proceedings, Revenue Procedure 2010-16, excludes "applications for extension of time to file a return or powers of attorney" from the definition of tax return.[8]  To be "clear and concise," written notice requires "a written statement signed by the taxpayer" that is mailed to the IRS and includes "the new address, . . . the taxpayer's full name and old address as well as the taxpayer's social security number, individual taxpayer identification number, or employer identification number."[9]

---

[4] We have jurisdiction of this appeal under 26 U.S.C. § 7482(a)(1).  "We review the Tax Court's legal conclusions *de novo* and its factual findings for clear error."  *Anderson v. Comm'r*, 698 F.3d 160, 164 (3d Cir. 2012) (citing *Capital Blue Cross v. Comm'r*, 431 F.3d 117, 123–24 (3d Cir. 2005)).  The Tax Court's determination as "to the last known address" is an issue of fact that we review for clear error.  *See Berger v. Comm'r*, 404 F.2d 668, 672 (3d Cir. 1968); *see also Terrell v. Comm'r*, 625 F.3d 254, 259 (5th Cir. 2010); *Gaw v. Comm'r*, 45 F.3d 461, 465 (D.C. Cir. 1995); *Johnson v. Comm'r*, 611 F.2d 1015, 1019 (5th Cir. 1980).

[5] I.R.C. § 6212(b).

[6] Treas. Reg. § 301.6212-2(a).

[7] *Id.*

[8] Rev. Proc. 2010-16 § 5.01(4).

[9] Rev. Proc. 2010-16 § 5.04 (1)(a).  The Revenue Procedure also provides requirements for oral and electronic notice, but those are not at issue.

In addition to these IRS instructions, courts have required the IRS to use "reasonable diligence" to determine a taxpayer's last known address.[10] This reasonable diligence requirement "is rooted in equity."[11] Reasonable diligence is measured by what "the IRS knew or should have known at the time it sent the [n]otice" of deficiency,[12] including information it should know "through the use of its computer system."[13]

The Gregorys argue that their power of attorney forms and extension request constitute clear and concise notice of a new address and that the IRS's interpretation to the contrary is unreasonable and not entitled to deference. They also point out that the Gregorys' CPA was in direct contact with IRS Agent Buzzelli and he informed her of the change of address. The IRS argues that it has given taxpayers clear guidance on how to change their address that the Gregorys failed to follow.

We do not doubt the wisdom of a bright-line rule for how to notify the IRS of an address change or the IRS's authority to make such a rule. However, Form 8822 has not been consistently required to notify the IRS of an address change. For example, Revenue Procedure 01-18, the procedure in place before Revenue Procedure 2010-16, included many of the same requirements for written notice as Revenue Procedure 2010-16.[14] Although it did not mention Form 2848, it stated that Form 4868 was not a "return" and would "not be used . . . to update the taxpayer's address of record." While this prior

---

[10] *See Gyorgy v. Comm'r*, 779 F.3d 466, 478 (7th Cir. 2015); *Terrell*, 625 F.3d at 259.
[11] *Gyorgy*, 779 F.3d at 479 (citing *Gaw*, 45 F.3d at 468 (D.C. Cir. 1995)).
[12] *Terrell,* 625 F.3d at 260.
[13] *Abeles v. Comm'r*, 91 T.C. 1019, 1035 (1988).
[14] Rev. Proc. 2001-18 § 5.04 (1) (requiring written notice to include the new address, "the taxpayer's full name, signature, old address, and social security number").

Revenue Procedure was in effect, updated addresses on Form 2848 were at least twice found to be sufficient notice of an address change.[15]

Furthermore, the IRS had actual notice that the Gregorys had moved. Besides the power of attorney forms and extension request, Chaffee testified that in the summer of 2016—before the IRS issued the SNODs—he told the IRS agent conducting the audit that the Gregorys had moved. In determining whether the IRS had clear and concise notice of an address change, the proper inquiry is what the IRS knew or should have known.[16] We conclude that actual notice to the IRS agent combined with an updated address on two forms is sufficient notice that the IRS knew or should have known that the Gregorys had changed addresses. The Tax Court erred in finding otherwise.

## III. CONCLUSION

In view of the facts of this case, we will vacate the Tax Court's judgment and remand for further proceedings, consistent with this opinion.

---

[15] *Hunter v. Comm'r*, T.C. Memo 2004-81, at *4 (Mar. 23, 2004). A few years later, the Tax Court in *Downing v. Comm'r*, T.C. Memo 2007-291 at *7 (Sept. 24, 2007) similarly found Form 2848 provided clear and concise notification of an address change.
[16] *Terrell,* 625 F.3d at 260.